**B104 (FORM 104) (08/07)**                                                                                                                       **EDVA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michael A. Kirby<br>Erin M. Kirby | **DEFENDANTS**<br>Virginia Housing Development Authority, J. Judson McKellar, Jr. & Donald L. Ritenour as Trustees |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pia J. North, Esq., North & Associates, P.C.,<br>5913 Harbour Park Drive, Midlothian, VA  23112<br>(804) 739-3700 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Strip an unsecured lien under 11 U.S.C. 506 ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Michael A. Kirby & Erin M. Kirby | BANKRUPTCY CASE NO.<br>12-32728 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond || NAME OF JUDGE<br>Douglas O. Tice Jr. |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Pia J. North, Esq. ||||
| DATE<br>"""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""<br>Hgdtwct{"37."4235"<br>" | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)"<br>""Rkc"L0"Pqtvj.."Gus0 |  |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:  Michael A. Kirby
        Erin M. Kirby
         Debtors            Case                      No. 12-32728
                                                      Chapter 13

Michael A. Kirby
Erin M. Kirby,
        Plaintiffs.

v.

Virginia Housing Development Authority
J. Judson McKellar, Jr., in his capacity as Trustee for the Deed of Trust
Donald L. Ritenour, in his capacity as Trustee for the Deed of Trust
        Defendants.

**COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(a) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

**COMES NOW** the Plaintiffs, Michael A. Kirby & Erin M. Kirby, by counsel Pia J. North and for their complaint respectfully represents as follows:

1  This is an action brought by the Plaintiffs pursuant to 11 U.S.C. § 506(a) and F.R.Bankr.P. 3012 to determine the value of the interest of the Defendants in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendants.

**JURISDICTION, VENUE AND CORE PROCEEDING**

2. The Plaintiffs allege that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

4. The Plaintiffs further allege that venue is properly laid in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

**PARTIES**

Pia J. North, Esq., VSB No. 29672
North and Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA  23112
(804) 739-3700

5. Michael A. Kirby and Erin M. Kirby ("Plaintiffs') are Debtors in Bankruptcy pursuant to 11 U.S.C. § 101(13).

6. Upon information and belief the Virginia Housing Development Authority is the original owner of a note and second deed of trust on the Plaintiffs' property.

7. Upon information and belief, Virginia Housing Development Authority is a political subdivision of the Commonwealth of Virginia that can be served at the office of the Secretary of the Commonwealth of Virginia, 1111 E. Broad Street, Richmond, Virginia 23219.

8. Upon information and belief, Defendant J. Judson McKellar, Jr. is the Trustee under a recorded Deed of Trust for Defendant Virginia Housing Development Authority.

9. Upon information and belief, Defendant J. Judson McKellar, Jr. may be served at 601 S. Belvidere Street, Richmond, Virginia 23220.

10. Upon information and belief, Defendant Donald L. Ritenour is the Trustee under a recorded Deed of Trust for Defendant Virginia Housing Development Authority.

11. Upon information and belief, Defendant Donald L. Ritenour may be served at 601 S. Belvidere Street, Richmond, Virginia 23220.

12. Defendants are creditors pursuant to 11 U.S.C. § 101(10)(A).

## FACTS

13. Plaintiffs Michael A. Kirby and Erin M. Kirby, commenced this case on May 1, 2012 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division

14. Michael A. Kirby owns real estate situated in Chesterfield County, Virginia known as 2923 Timbercrest Court, Midlothian, Virginia by way of Deed recorded in the Circuit Court of Chesterfield County, Virginia in Book 8818 Page 0485. The legal description of that property is as follows:

**ALL that certain lot, piece or parcel of land with improvements thereon and appurtenances thereunto belonging lying and being in Clover Hill District, Chesterfield County, Virginia,**

Pia J. North, Esq., VSB No. 29672
North and Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA 23112
(804) 739-3700

**designated as Lot 79, Block E, Section F, Clarendon, as shown on plat of survey by J. K. Timmons & Associates, Inc., Consulting Engineers, dated March 4, 1980, recorded March 17, 1980, in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, in Plat Book 35, Page 67, to which plat reference is hereby made for a more particular description of the lot hereby conveyed.**

15. At the time of the bankruptcy, the principal residence was worth between $124,100 and $129,100 (see Exhibit "A") and was subject to a first Deed of Trust with a balance of $171,214.36 (see Exhibit "B") recorded in Book 8818 Page 489.

16. No security exists for any Deed of Trust other than the first Deed of Trust. All liens other than the first deed of trust are not "secured only by a security interest in real property that is the debtor's principal residence." Therefore, the Plaintiffs are not barred from modifying their rights under 11 U.S.C. § 1322(b)(2).

17. Pursuant to 11 U.S.C. § 506(a), the Defendants have no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate (See Exhibit "C").

18. Any timely filed claim of the Defendants for the second mortgage loan is allowable only as an unsecured claim.

**WHEREFORE,** the Plaintiffs respectfully request of the Court as follows:

A. That this Court determine that the Defendants have no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

B. That this Court order Defendants Virginia Housing Development Authority, J. Judson McKellar, Jr. and Donald L. Ritenour to cancel the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. § 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 30 days from the date of the entry of said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Chapter 13 Trustee that any timely filed proof of claim of the Defendants be treated as an unsecured claim under the plan;

Pia J. North, Esq., VSB No. 29672
North and Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA  23112
(804) 739-3700

    D.  That the attorney for the Debtors be awarded reasonable legal fees;

    E.  That the Debtors have such other and further relief as the Court may deem just and proper.

        Respectfully submitted,
        Michael A. Kirby
        Erin M. Kirby

        <u>/s/ Pia J. North</u>
        Pia J. North, Esq., #29672
        Counsel for Debtors
        North and Associates, P.C.
        5913 Harbour Park Drive
        Midlothian, VA  23112
        (804) 739-3700 telephone
        (804) 73-2550 facsimile

Pia J. North, Esq., VSB No. 29672
North and Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA  23112
(804) 739-3700